UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SUPERSEDING INFORMATION** |
| v. | S2 25 Cr. 579(PKC) |
| DAVID GOODGAME, | |
| Defendant. | |

### COUNT ONE
**(Conspiracy to Commit Bank Fraud and Wire Fraud Affecting a Financial Institution)**

The United States Attorney charges:

1. From at least in or about 2020 through at least in or about 2025, in the Southern District of New York and elsewhere, DAVID GOODGAME, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344, and to commit wire fraud, which affected a financial institution, in violation of Title 18, United States Code, Section 1343.

2. It was a part and an object of the conspiracy that DAVID GOODGAME, the defendant, and others known and unknown, knowingly would and did execute, and attempt to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344, to wit, GOODGAME, while the Chief Operating Officer ("COO") of Tricolor Holdings, LLC ("Tricolor"), agreed to make and cause to be made a series of false statements to multiple financial institutions regarding Tricolor's financial condition and the existence, nature,

and value of its pledged loan collateral in order to fraudulently obtain money for Tricolor from those financial institutions.

3.    It was further a part and an object of the conspiracy that DAVID GOODGAME, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, which affected a financial institution, in violation of Title 18, United States Code, Section 1343, to wit, GOODGAME, while the COO of Tricolor, agreed to make and cause to be made a series of false statements to lenders, including multiple financial institutions, regarding Tricolor's financial condition and the existence, nature, and value of its pledged collateral in order to fraudulently obtain money for Tricolor from those lenders, and sent and received, and caused others to send and receive, emails, telephone calls, videoconferences, and other electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Bank Fraud)

The United States Attorney further charges:

4.    From at least in or about 2020 through at least in or about 2025, in the Southern District of New York and elsewhere, DAVID GOODGAME, the defendant, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets,

securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, GOODGAME, while the COO of Tricolor, engaged in scheme to make a series of false statements to multiple financial institutions regarding Tricolor's financial condition and the existence, nature, and value of its pledged collateral in order to fraudulently obtain money for Tricolor from those financial institutions.

(Title 18, United States Code, Sections 1344 and 2.)

## COUNT THREE
### (Wire Fraud Affecting a Financial Institution)

The United States Attorney further charges:

5.      From at least in or about 2020 through at least in or about 2025, in the Southern District of New York and elsewhere, DAVID GOODGAME, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, which affected a financial institution, to wit, GOODGAME, while the COO of Tricolor, engaged in scheme to make a series of false statements to lenders, including multiple financial institutions, regarding Tricolor's financial condition and the existence, nature, and value of its pledged collateral in order to fraudulently obtain money for Tricolor from those lenders, and caused others to send and receive, emails, telephone calls, videoconferences, and other electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

3

## COUNT FOUR
### (Conspiracy to Commit Securities Fraud)

The United States Attorney further charges:

6.    From at least in or about 2020 up to and including at least in or about 2025, in the Southern District of New York and elsewhere, DAVID GOODGAME, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

7.    It was a part and an object of the conspiracy that DAVID GOODGAME, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of a means and an instrumentality of interstate commerce and of the mails, and of a facility of a national securities exchange, would and did use and employ, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operates and would operate as a fraud and deceit upon a person, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, to wit, GOODGAME, while the COO of Tricolor, agreed to engage in a scheme to make material misrepresentations to investors in Tricolor's asset-backed securities and to others involved in the securitization of those assets regarding the collateral backing the securities and Tricolor's financial condition and to misappropriate investor funds and collateral for Tricolor's own use.

<u>Overt Acts</u>

8.      In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere: On or about March 1, 2025, a coconspirator not charged herein executed a sale and servicing agreement with respect to a Tricolor asset-backed securitization.

(Title 18, United States Code, Section 371.)

## COUNT FIVE
### (Securities Fraud)

The United States Attorney further charges:

9.      From at least in or about 2020 up to and including at least in or about 2025, in the Southern District of New York and elsewhere, DAVID GOODGAME, the defendant, willfully and knowingly, directly and indirectly, by the use of a means and instrumentality of interstate commerce and of the mails, and of a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, GOODGAME, while the COO of Tricolor, engaged in a scheme to make material misrepresentations to investors in Tricolor's asset-backed securities regarding the collateral backing the securities and Tricolor's financial condition and to misappropriate investor funds and collateral for Tricolor's own use.

5

(Title 15, United States Code, Sections 78j(b), 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Section 2.)

## COUNT SIX
### (False Statements)

The United States Attorney further charges:

10.     On or about October 20, 2025, in the Northern District of Texas and elsewhere, DAVID GOODGAME, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully (a) falsified, concealed, and covered up by a trick, scheme, and device a material fact, (b) made a materially false, fictitious, and fraudulent statement and representation, and (c) made and used a false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, to wit, GOODGAME made materially false statements about the existence, nature, and value of Tricolor's pledged collateral to agents with the Federal Bureau Investigation conducting a criminal investigation into Tricolor.

(Title 18, United States Code, Sections 1001 and 2.)

## FORFEITURE ALLEGATIONS

11.     As a result of committing the offenses alleged in Counts One, Two, and Three of this Information, DAVID GOODGAME, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

6

12.    As a result of committing the offenses alleged in Count Four and Five of this Information, DAVID GOODGAME, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

**Substitute Assets Provision**

13.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

     a.    cannot be located upon the exercise of due diligence;

     b.    has been transferred or sold to, or deposited with, a third person;

     c.    has been placed beyond the jurisdiction of the Court;

     d.    has been substantially diminished in value; or

     e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

Filed 6/24/2026
Judge
Castel/fm

_____
JAY CLAYTON
United States Attorney

7