UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                              25-cr-579 (PKC)

        -against-

                                            <u>ORDER</u>

DANIEL CHU,

                        Defendant.
------------------------------------------------------------x

CASTEL, Senior District Judge

        At the request of counsel for Mr. Chu, the Court has undertaken an *in camera* review of Exhibits 3, 4, 5, 10, and 11 to the Kelly Declaration, (ECF 60), in support of Chu's request for leave to file them under seal, (ECF 58).  The letter in support asserts in a conclusory and summary fashion that each is "protected by the attorney-client privilege and work product doctrine[.]"  (ECF 58.)  The holder of the privilege or work product protection is not identified, though the Court assumes that it is intended to be Mr. Chu.

        Exhibit 3 is a retention agreement dated September 2, 2025 between Sidley Austin LLP "in its capacity as counsel to Tricolor Holdings, LLC, its subsidiaries and affiliates and each of their respective assigns and successors (jointly and severally, the 'Company')" and Alvarez & Marsal North America, LLC ("A&M") concerning the retention of A&M to "provide consulting services to the Company[.]"  From the context, the services relate to an investigation or inquiry into the Company's "liquidity and operational issues[.]"  Any right to claim privilege or work product protection as to the retention agreement belongs to the Company and not to Mr. Chu.  The document is not privileged.  It is also not entitled to any work product-protection belonging to Mr. Chu and will not be sealed.

-2-

Exhibit 4 includes three emails sent on September 3 and 4, 2025 by Mr. Malloy, a Managing Director of A&M, to Mr. Chu, with copies sent to Mr. Mann at Sidley and Mr. Nagle at A&M.  The emails concern the collection of laptops and cellphones for imaging.  As noted, the assignment for which A&M was retained was for services to the Company and not to Mr. Chu.  The documents are not privileged.  They also are not entitled to any work-product protection belonging to Mr. Chu and will not be sealed.

Exhibit 5 contains several emails dated September 4, 2025: an email from Mr. Mann to Mr. Chu and Mr. Malloy with a copy to Mr. Hufendick at Sidley; an email from Mr. Chu to Mr. Malloy with a copy to Mr. Mann; and two emails from Mr. Malloy to Mr. Chu, one with a copy to Mr. Mann.  In context, they relate to the assignment in which A&M was retained to provide services to the Company and not to Mr. Chu.  The documents are not privileged.  They also are not entitled to any work-product protection belonging to Mr. Chu and will not be sealed.

Exhibits 10 and 11 are immaterial to the issue presented in the government's May 18, 2026 letter and the Court need not rule on those exhibits and will continue their provisional sealing.  The redaction to Exhibit 9 of a non-party's mobile phone number is appropriate and sealing of the unredacted version is approved.

Defendant Chu is directed to file unredacted versions of Exhibits 3, 4, and 5 on ECF by 2 p.m. on June 26, 2026.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 24, 2026