

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 29, 2026

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:    *United States v. Daniel Chu*, S1 25 Cr. 579 (PKC)

Dear Judge Castel:

The Government writes in response to defendant Daniel Chu's letter filed earlier today (ECF Doc. 84) and in advance of the conference scheduled for tomorrow. As discussed further below, the Court should maintain the October 19, 2026, trial date. The Government will also further address the issues raised in Chu's letter with the Court at tomorrow's conference.

**I.    Chu's iCloud Accounts, Devices, and the Status of the Government's Responsiveness Review**

There is no reason to adjourn the trial because of the Government's responsiveness review. The Government has now completed its responsiveness review of Chu's iCloud accounts and devices seized pursuant to search warrants—to the extent they are accessible—and has produced the seized material to the defendant with one remaining production to follow.

By way of background, in September 2025, the Government obtained a warrant for two of Chu's iCloud accounts. In October 2025, the Government seized twenty-one of Chu's electronic devices pursuant to search warrants. To date, the Government has accessed and imaged ten of those devices. With respect to the other 11 devices seized from Chu, the Government has either been unable to access the devices (because they are locked or the data otherwise cannot be extracted) or has returned the devices to Chu without imaging them. On February 3, 2026, the Government produced all ten device images it had obtained to Chu. On February 5, 2026, the Government produced the full search warrant returns from Chu's two iCloud accounts to Chu.

The Government has completed its responsiveness review of Chu's two iCloud accounts and the ten Chu devices seized pursuant to search warrants that the Government has imaged. The Government has produced to Chu responsive records from these accounts and devices on a rolling basis, specifically on February 9, February 25, March 12, May 19, and June 12, 2026. The Government has asked its vendor to prepare for production to Chu the remaining responsive records from two of the devices and one of the iCloud accounts.

Hon. P. Kevin Castel                                                                Page 2
June 29, 2026

If the Court maintains the October 19, 2026, trial date, even if the Government becomes able to access and extract those other devices seized from Chu that the Government has been unable to access or extract to date, the Government will forego reviewing those devices so as not to even potentially disturb the October 19, 2026, trial date.

In addition, as the Court is aware, on September 4, 2026, Alvarez & Marsal (a consulting firm retained to provide services to Tricolor) imaged Chu's company laptop and the laptops of nine other Tricolor employees. After Tricolor filed for bankruptcy, those laptop images became property of the bankruptcy estate. On approximately September 17, 2025, those images were produced to the Government pursuant to a grand jury subpoena. The Government produced the images of all ten of those laptops to Chu on January 30, 2026.[1]

## II.    Superseding Indictment

Attached to this letter is a "blackline" that shows the differences between the original Indictment and the S1 Superseding Indictment. As reflected therein, the S1 Superseding Indictment (1) removes David Goodgame as a defendant; (2) adds a bank fraud count (Count Five) and a wire fraud affecting a financial institution count (Count Six) relating to the fraud on Lender-5; (3) adds one paragraph—paragraph 17 of the S1 Superseding Indictment—of speaking allegations related to Chu's and his co-conspirators' fraud on investors in Tricolor's asset-backed securities; and (4) adds a conspiracy to commit securities fraud count (Count Seven) and a securities fraud count (Count Eight) based on the fraud on investors in Tricolor's asset-backed securities.

The S1 Superseding Indictment will not significantly change the Government's proof at trial, nor the scope or complexity of the case. At its core, the Government's case at trial will prove that, at Chu's direction and with his knowledge and approval, Tricolor employees (1) double-pledged the same collateral to multiple funding sources, allowing Tricolor to obtain cash advances against the same assets, at the same time, and (2) manipulated loan data to make ineligible, delinquent loans appear current and compliant with counterparty contractual requirements. Indeed, in most respects, the S1 Superseding Indictment contains legal allegations regarding previously disclosed factual matters. For example, the facts supporting Counts Five and Six were previously alleged in the original Indictment and the materials supporting Counts Five, Six, Seven, and Eight have been produced in discovery alongside all other Rule 16 materials. Accordingly, the October 19, 2026, trial date should not be adjourned in light of the S1 Superseding Indictment.

---

[1] If the Court grants the Government's pending privilege motion, the Government will assess whether any further responsiveness review is warranted of the materials that were previously screened as potentially subject to a claim of personal privilege by Chu from the ten search-warrant-seized-and-imaged Chu devices. Given the likelihood of duplication and in the interest of expediency, the Government will not, however, conduct further review of the search-warrant-seized-and-imaged version of Chu's Tricolor laptop and will instead limit its review to the version of that laptop that was imaged and produced to the Government's pursuant to subpoena.

Hon. P. Kevin Castel                                                                         Page 2
June 29, 2026

### III.    David Goodgame's Guilty Plea

Goodgame's recent guilty plea provides no basis to adjourn the trial date. Under the Court's order, to which Chu consented, the Government has until September 18, 2026, to provide a preliminary witness list. (ECF Doc. No. 35). Chu, however, has now received notice of Goodgame's status almost three months in advance of that deadline. In light of that, Chu cannot possibly claim that the trial should be adjourned so that he can have move time to prepare his cross-examination of Goodgame when the due date for the Government's preliminary witness list is almost three months away and the trial itself is nearly four months away.

### IV.    Additional Pretrial Motions

In his letter, Chu states that he wishes to file additional motions with respect to the Government's responsiveness review and the S1 Superseding Indictment. The Court should order Chu to file any such motions within two weeks and the Government will be prepared to respond two weeks thereafter.[2]

With respect to the Government's responsiveness review, Chu identifies certain categories of documents that he claims are "plainly non-responsive, irrelevant, and intrude on Mr. Chu's privacy," including communications about Chu's "nanny" for his son and about Chu's "medical care." (ECF Doc. 84 at 3). Chu has not identified the specific documents by Bates numbers or otherwise and so the Government cannot provide a complete accounting to the Court at this time as to whether the documents are actually within the scope of the warrants, whether the documents hit on search terms used during the responsiveness review, or otherwise.

Nonetheless, some of the documents Chu references may be within the scope of the warrant. For example, the warrants authorized the Government to search and seize "[e]vidence concerning any proceeds or benefits received as a result of the commission of the Subject Offenses." *See, e.g.*, Ex. 1 at 23 to Schwartz Declaration in Support of Chu's Pretrial Motions. During the fraud schemes charged, which allowed Tricolor to fraudulently obtain hundreds of millions of dollars, Chu improperly attempted to pass off personal expenses as business expenses on his corporate American Express credit card, including "household expenses like a nanny and even intravenous vitamin treatments," as set forth in the Chapter 7 trustee's adversary complaint.

---

[2] Chu, by his own admission—and in an attempt to bolster an otherwise thin request for a six-month adjournment—speculates that the Government "rush[ed] to finish the [responsiveness] review" and may have "simply outsourced its constitutional obligations to AI." (ECF Doc. 84 at 3). Chu's speculation is flat-out wrong.  As basis for his speculation, Chu asserts that many of the documents contain "no readable text at all." (*Id.*).  While Chu provides no specific examples, there are straightforward reasons why such files may be identified as responsive.  For instance, in some cases, image files that were attached to emails were marked as responsive so that the entirety of the document was made available to Chu.  In any case, Chu can and should file his motion now if he has an issue with the Government's responsiveness review; the Government will respond; and the Court will rule. Speculative assertions supported by amorphous and vague descriptions of the responsive set are no reason to adjourn the trial date.

Hon. P. Kevin Castel                                                      Page 2
June 29, 2026

(ECF Doc. 41-3 ¶ 105). According to that complaint, these expenses, which Chu claimed were "completely business-driven," included:

> Thousands of dollars of healthcare and beauty expenses, including skin revitalization at Skincare by Amy Peterson, vitamin infusions at Vitality IV Bar, dental work at The Prosthodontic Center of Beverly Hills, biochemical testing at DHA Laboratory, wellness treatments at Tierra Santa Healing House in Miami, multiple visits to the Exhale spa in Bar Harbour, and recurring payments for Nutrafol hair growth products[.]

(ECF Doc. 41-3 ¶ 102). Accordingly, the communications that Chu raises that relate to his "medical care" may relate to "benefits received as a result of the commission of the Subject Offenses," consistent with the allegations in the trustee's complaint.

Other documents that Chu references may have been identified responsive based on search terms used during the responsiveness review. For example, the search terms included "bleed" (given the enterprise's practice of fraudulently placing charged-off loans on lender borrowing bases and then "bleeding" them off) and "bonus" (given the $15 million bonus of crime proceeds that Chu received in 2025).

There is no reason why these disputes cannot be addressed expeditiously and efficiently in advance of the October 19, 2026, trial date. For example, if Chu identifies by Bates number the documents that the Government has identified as responsive that he claims are, in fact, outside the scope of the warrants, the Government will commit to telling Chu within three business days whether it intends to use those documents in its case-in-chief. If the Government does not intend to use those documents in its case-in-chief, that would obviate or narrow the need for further motion practice. In any event, as it now stands, Chu's letter does not warrant adjourning a trial that is still almost four months away.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: _____
Micah F. Fergenson
Shiva H. Logarajah
Justin V. Rodriguez
Assistant United States Attorneys
(212) 637-2190/-2272/-2591

cc: Counsel of Record (by ECF)
    Enclosure