McDermott Will & Schulte

Julian André
Attorney at Law
JAndre@mcdermottlaw.com
+1 310 551 9335

September 23, 2026

The Honorable P. Kevin Castel
U.S. District Court for the
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 11D
New York, NY 10007

Re: *United States v. Chu, Case No. 1:25-cr-00579*

Dear Judge Castel:

I write as counsel to Anne Elizabeth Burns, the Chapter 7 Bankruptcy Trustee for Tricolor Holdings, LLC ("Tricolor") (the "Trustee") in response to Defendant Daniel Chu's September 19, 2026, Letter Motion (the "Letter Motion"). The Trustee is not a party to this criminal case. The Trustee's sole responsibility is to administer the bankruptcy estate and to recover estate assets that can be used to repay the creditors who lost hundreds of millions of dollars when Tricolor collapsed as a result of the alleged fraud scheme. The Letter Motion is just Defendant's latest improper attempt to drag the Trustee into this criminal case and to further drain estate assets.

*First,* Defendant's complaint that the Trustee failed to comply with this Court's prior order and indicate whether its production of documents in response to the Grand Jury subpoena was complete is frivolous. In the declaration supporting the Trustee's motion to quash Defendant's Rule 17 subpoena, we detailed the extensive steps the Trustee took in response to the Grand Jury Subpoena ("Grand Jury Subpoena"), including using 62 keyword search terms to identify responsive documents and undertaking a comprehensive privilege review. *See* Decl. Julian André re Mot. to Quash ¶¶ 9, 11 (hereinafter, "André Decl."). The André Declaration stated, *multiple times*, that the Trustee's production of documents in response to the Grand Jury Subpoena was complete, except for the materials she is claiming privilege over or the materials Defendant demanded the Trustee segregate due to (unsubstantiated) claims of his personal attorney-client privilege over a vast swath of the Company's communications with its various attorneys. *See, e.g.*, André Decl. ¶ 11 (stating with respect to "[d]ocuments that were otherwise responsive to the Subpoena and did not contain a privilege search term," "The Trustee completed its production of these materials in March 2026"); *Id.* at ¶ 13 (stating with respect to "documents that contained privilege terms and were withheld as potentially privileged . . . The Trustee completed its review and production of the

potentially privileged materials in July 2026."); *Id.* at ¶ 17 ("The Trustee is currently asserting attorney client privilege over 44,352 documents. These documents have not been produced."); ECF 152 at ¶ 10 ("The Trustee completed her privilege review on July 24, 2026…The Trustee is currently in the process of finalizing the preliminary draft of the privilege log and expects to provide it to the government shortly."). And, as Defendant concedes, the Trustee has already provided a detailed privilege log to the government. ECF 162 at 5 ("[T]he government forwarded a privilege log received from the trustee.").

In the face of the above-cited unambiguous statements in the André Declaration (which Declaration Defendant also cites in his Letter), Defendant brazenly claims the Trustee has "conspired to ignore" Court orders and failed to provide any "statement as to whether its production was otherwise complete." ECF 162 at 1, 4. Again, the Trustee provided statements to all parties in the sworn declaration that she had completed her production in response to the Grand Jury Subpoena in March 2026. André Decl. ¶ 11. The Trustee further confirmed that she completed her production of additional non-privileged documents following the conclusion of her privilege review on July 24, 2026. ECF 152 at ¶ 10. And the Trustee provided a privilege log to the government in August 2026, which the government promptly shared with Defendant's counsel. ECF 162 at 5.

*Second,* Defendant's arguments regarding the privilege log the Trustee prepared at the government's request in connection with the Grand Jury Subpoena are equally meritless. Due to the large volume of documents at issue (over 45,000), the limited bankruptcy estate assets available to fund document review, and to expedite the preparation of the privilege log in advance of the upcoming criminal trial, the Trustee compiled the privilege log primarily by using available document metadata. The log included the document's date, author, sender, recipients, subject or file name, and privilege type asserted. ECF 162 at 6. More detailed descriptions were not included in the log, because relevant information can often be gleaned from the subject or file name and due to the amount of time and expense it would take to individually log all 45,000 documents for which the Trustee is asserting the privilege. Indeed, it would have been inappropriate for the government to force the Trustee to further deplete the limited estate assets to undertake such efforts and the government, wisely, has not requested that the Trustee do so here.

*Third*, the Trustee's privilege log complies with Local Rule 26.2, which provides that efficient means of providing information regarding privilege claims are "encouraged," and provides that a categorical log is presumptively proper, and that "metadata log" may be appropriate. L.R. 26.2(c)(2) ("where numerous documents are withheld and the party is using review software, preparation of a metadata log may suffice to provide the information required to support the claim of privilege."). A metadata log is precisely what the Trustee has provided here, and there is no basis in law to require the Trustee instead prepare a categorical log. Indeed, Local Rule 26(c)(4) states "a party cannot object to a privilege log solely on the basis that it is a categorical log or a metadata log but may object if the substantive information required by this rule has not been provided in a comprehensible form."

*Finally*, in a transparent attempt at misdirection, while the Defendant faults the Trustee for not yet providing a privilege log reflecting privileged communications with or work product created by Sidley Austin during its investigation of the Company, Defendant neglects to disclose that he himself demanded such materials (among others) be sequestered by the Trustee due to Defendant's potential personal claims of the attorney-client privilege with respect to those documents. ECF 162 at 6-7; André Decl. ¶ 18. Pursuant to the agreement between the Trustee and Defendant in connection with the bankruptcy proceedings, the Trustee has not reviewed these documents and was therefore unable to review them for production or inclusion on any privilege log.[1] André Decl. ¶ 18.

In sum, the Trustee has dutifully satisfied her legal obligations in response to the Grand Jury subpoena. The Trustee should not now be forced to further expend limited estate assets in order to meet Defendant's unreasonable demands. Defendant's burdensome demands and repeated attempts to drag the Trustee into this criminal case are even more troubling given that Trustee's efforts to recover estate assets have been delayed significantly by this criminal case, as the Trustee's adversary proceeding against Defendant and others is currently stayed (at Defendant's request) until after the criminal trial. Trustee Memo of L. in Supp. Mot. to Quash at 7. Further, Defendant has eroded the Company's Directors & Officers Insurance Policy by over $10M, leaving the estate to bear the financial burden of responding to Defendant's meritless claims in his criminal proceeding.

Defendant's Letter Motion should be denied in its entirety.

Respectfully Submitted,

Julian André

Julian André
cc: All Counsel of Record

[1] The Trustee believes Defendant's assertion of personal privilege over the sequestered documents is specious, but in the interests of party and judicial efficiency, agreed to sequester them pending judicial resolution of the dispute. André Decl. ¶ 18.