**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

September 30, 2026

**<u>BY ECF</u>**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Daniel Chu*, 25 Cr. 579 (PKC)**

Dear Judge Castel:

The Government writes in response to two issues raised in defendant Daniel Chu's September 23, 2026, letter. *See* ECF No. 170.

*First*, on September 16, 2026, the Court granted the Government's privilege motion (ECF No. 41) and held, among other things, that "as to work product materials stored on Chu's laptop or other devices surrendered to A&M on or about September 4, 2025, the work product protection is waived. As to other materials documents on Tricolor systems as to which Chu seeks work product protection, the Court will accept further argument from Chu within 7 days of this Order, and the government may respond 7 days thereafter." ECF No. 160 at 10. In his September 23 letter, Chu maintains his work product assertions with respect to 70 such documents. *See* ECF No. 170. Without conceding the validity of Chu's positions, the Government has elected not to challenge Chu's work product assertions with respect to these 70 documents.

*Second*, the Court should decline Chu's request for an order, pursuant to Federal Rule of Evidence 502(d), that the release of any materials to the Government case team pursuant to the Court's September 16, 2026, ruling does not constitute a waiver over a broader set of documents or subject matter in this or any other litigation. *See* ECF No. 170 at 4. The text of Rule 502(d) does not authorize this request. Rule 502 provides: "The following provisions apply, in the circumstances set out, to disclosure of a communication or information covered by the attorney-client privilege or work-product protection. … (d) A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding." This rule, by its terms, applies to waivers of the privilege triggered by disclosures. But the Court held that Chu's communications on Tricolor's systems never met the requirements for privileged communications in the first place, not that the materials met the requirements for privilege and that Chu later waived the privilege by disclosing them. *See* ECF. No. 160 at 8 ("[T]he Court concludes that Chu has not demonstrated that he had a reasonable expectation of privacy in the communications on the Tricolor system. Because he had no such reasonable expectation, he cannot

demonstrate that his communications were intended to be kept confidential."). Accordingly, Rule 502(d) does not apply to the Court's primary, non-waiver holding. The Court also agreed with the Government's alternative argument that, even if Chu could establish that his communications met the requirements for privilege, he waived any privilege with respect to his Tricolor laptop when he handed over the laptop for copying. *See* ECF. No. 160 at 8. Here, Chu has another Rule 502(d) problem: his handing over his laptop on September 4, 2025, which triggered the waiver, occurred before a grand jury subpoena was served on Tricolor and was not "connected with the litigation pending before the court." Chu's request is far afield from the one case he cites: a subpoena recipient seeking a Rule 502(d) protective order before disclosing protected materials in response to a subpoena. *See United States v. Daugerdas*, 2012 WL 92293, at *1 (S.D.N.Y. Jan. 11, 2012). Obviously, Chu did not seek such a protective order before handing over his laptop for copying and the Tricolor trustee did not seek such an order before producing the contents of the laptop to the Government in response to the grand jury subpoena. Accordingly, Rule 502(d) does not authorize the requested relief.[1]

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: [signature]
Micah F. Fergenson
Shiva H. Logarajah
Justin V. Rodriguez
Assistant United States Attorneys
(212) 637-2591/-2190/-2272

cc: Counsel of Record (by ECF)

[1] The Court may also deny the request as premature and revisit the issue after trial. At this time, the Government is not asserting that the Court's waiver finding should be the basis of a broader subject matter waiver. That may change, however, as the case develops, including if Chu's defense at trial or litigating positions implicate these issues.