**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 2, 2026

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Daniel Chu*, S1 25 Cr. 579 (PKC)**

Dear Judge Castel:

The Government writes in advance of next Wednesday's evidentiary hearing to (1) outline the issues in dispute, (2) identify the witnesses it expects to call and the anticipated topics of their testimony, and (3) summarize the disclosures it has made and anticipates making in advance of the hearing.

There is a limited set of issues which the defendant has put forth before the Court. The Government has undertaken best efforts to provide disclosures well in advance of any requirement imposed by the Court or by law and on a schedule requested by the defense. The Court should reject any attempt by the defendant to use this hearing as a fishing expedition or to otherwise delay proceedings here. The Government welcomes any guidance the Court may be able to provide prior to next week's hearing.

## The Defendant's Motion & Bases for an Evidentiary Hearing

The defendant has contended that law enforcement over-seized electronically stored information ("ESI"), in "flagrant disregard" of the terms of two warrants (the "Warrants"), when it identified certain ESI as "responsive" and therefore seizable under the Warrants.[1] That contention is based primarily on what was identified responsive on a small subset of devices and accounts seized pursuant to the Warrants: (1) an iPhone 11 Pro Max bearing Federal Bureau of Investigation ("FBI") identifier 1B1, (2) an iPhone XS Max bearing FBI identifier 1B5, (3) an iPhone bearing FBI identifier 1B21, and (4) an iCloud account associated with dchu@triclorauto.com (the "Challenged ESI"). (July 24 Schwartz Decl. ¶¶ 21 – 24 & attached Appendices (identifying allegedly nonresponsive materials only from the Challenged ESI)).

[1] The Warrants are described in the August 7 Declaration of Special Agent Nicholas Kroll. (Dkt. No. 125).

Put another way, the subject matter of this hearing is not the Government's investigation writ large. It is about how agents identified "responsive" material when executing the Warrants on just four devices and accounts: the Challenged ESI. Indeed, that is how the defendant has described the scope of the hearing. After the Government submitted its response to the defendant's motion, including the affidavit of Special Agent Kroll describing the responsiveness review process, the defendant argued that a "hearing is necessary" regarding "how the government conducted its search and used its search filters, what its technology was capable of, [and] what its 'sampling' and 'quality control efforts' consisted of." (Def. Reply Br. 8). At argument, the defense argued that a hearing was needed to provide more particularized evidence of the Government's representations during argument. (Tr. 29 ("So everything that you've heard that made the search sound more reasonable, that's based on representations that we are hearing for the first time in court today that have no basis in the record either entirely or based on construing these affidavits in way that is most favorable to the government. That's why, at the very least, we need a hearing."); *id* at 32 ("[W]e need to hear, at the very least, the sorts of things that we just had a representation about, not being able to ask questions.").

The Government's factual discussion at argument concerned the process it used to review cellphone data for one cellphone (bearing FBI identifier 1B21) in the cellphone review platform Cellebrite, and the process it used to review materials in the document review platform Relativity, including for the cellphones bearing FBI identifiers 1B1 and 1B5 and the defendant's iCloud accounts. (Tr. 12-18). Those representations generally relied on the affidavit of Special Agent Kroll, but in response to the Court's question about what the quality control process was, the Government provided a particular example not in the affidavit relating to the removal of junk emails. (Tr. 17). The Government expects to offer evidence on those same topics at the hearing. For example, the evidence at the hearing will illustrate that a quality control process removed at least tens of thousands of hits on the search term "Tricolor" from the responsive set. (*See* Def. Reply Br. 8 ("whether the government did in fact remove any nonresponsive results of the 'Tricolor' search—should be explored at an evidentiary hearing."); Tr. 30 (discussing how the defense already has the ability to do that analysis)).

**<u>The Government's Witnesses & Anticipated Testimony</u>**

Four agents were responsible for the execution of the Warrants: (1) Special Agent Nicholas Kroll of the FBI; (2) Special Agent Timothy Kash of the FBI; (3) Special Agent Jeremy Rosenman of the Federal Deposit Insurance Company – Office of Inspector General ("FDIC – OIG"); and (4) Special Agent Christopher O'Rourke of the FDIC – OIG. The Challenged ESI was searched by Special Agents Kroll, Rosenman, and O'Rourke. The Government anticipates calling all three of those agents and anticipates Special Agent Kash—who did not search the Challenged ESI—will be available should the Court wish to hear from him.

*Special Agent Kroll's Anticipated Testimony*. The Government expects that Special Agent Kroll will testify, in broad strokes, about (1) device and account review strategy, including decisions to return certain devices and cabin review on others; (2) review of the contents of the 1B21 cellphone (except email) on the Cellebrite platform, including how the Cellebrite platform operates, how text message threads were tagged, and his manual review of materials identified

responsive; and (3) his cabined, manual review of text message threads from the dchu@tricolorauto iCloud account on the Relativity platform, including how text message threads were presented to him at the time of his review.

*Special Agent O'Rourke's Anticipated Testimony*. The Government expects that Special O'Rourke, in broad strokes, will testify about his review of emails and documents from the 1B1 and 1B5 devices on the Relativity platform and his review of text message threads from the 1B5 device on the Relativity platform, including his method of quality checking results from keyword searches.

*Special Agent Rosenman's Anticipated Testimony*. The Government expects that Special Agent Rosenman, in broad strokes, will testify about his (1) review on the Relativity platform of (a) emails and documents from the 1B21 device and (b) text message threads from the 1B1 device; (2) method of quality checking and assessing results from keywords searches; and (3) guidance regarding quality checking results from keyword searches run on the 1B1 and 1B5 email and document subsets.

**<u>The Government's Engagement with Defense and Disclosures</u>**

On September 30, 2026, the Government met and conferred with defense counsel. During that call, counsel—despite having no legal basis to do so—requested a "rolling" production of Fed R. Cr. P. 26.2 materials with an initial production by the end of the week, as well as a list of the Government's anticipated witnesses. The Government informed defense of the identities of the team of agents responsible for conducting the responsiveness review pursuant to the Warrants and its willingness to provide Rule 26.2 materials for the entire team. On October 1, 2026—the next day—the Government informed defense counsel that it anticipated calling Special Agents Kroll, Rosenman, and O'Rourke. In addition—while the Court set no deadline and the Government is under no legal obligation to do so—the Government informed that it would provide the bulk of the Rule 26.2 materials today and provide any further materials on a rolling basis.[2]

The Government also previewed its anticipated Rule 26.2 disclosure at defense's request. While, again, under no legal obligation to do so—as a courtesy and to avoid burdening the Court—the Government informed defense counsel that it anticipated disclosing correspondence between the agent team and Assistant United States Attorneys regarding the responsiveness review. Despite this, defense counsel appeared to suggest, without citing any specifics or providing examples, that broader Rule 26.2 disclosures would be necessary given that the responsiveness review was the product of the judgment calls made by the agents which would be informed by their involvement on the case. In other words, defense counsel appeared to suggest that anything that an agent did or said as part of the investigation would be disclosable under Rule 26.2—a

[2] Earlier today, the Government made an initial production of Rule 26.2 materials to defense counsel. The Government will provide a hard copy of the materials to the Court and supplement the Court's materials no later than Tuesday, October 6. In addition, while not requested by the defense, the Government will mark and provide to the defense and the Court any exhibits it wishes to use by Monday, October 5.

proposition which would make a mockery of the plain text of Rule 26.2. *See* Fed. R. Crim. P. 26.2 (cabining disclosures to the "subject matter of the witness's testimony").

The Government will, of course, respond if the defendant moves for any material which he has no legal entitlement to and which has no relevance to the narrow range of issues currently before the Court. But, to preview: the Court should reject any defense effort to delay the hearing (or the trial) or use the hearing—covering issues pertaining to the responsiveness review of a limited set of devices—as a wholly improper fishing expedition into the Government's investigation.

The Government is happy to answer any questions should the Court have any in advance of next Wednesday's hearing.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: ______________________
Micah F. Fergenson
Shiva H. Logarajah
Justin V. Rodriguez
Assistant United States Attorneys