BOIES SCHILLER FLEXNER

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

October 22, 2026

**VIA ECF**

Honorable P. Kevin Castel
United States District Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007

**Re: *United States v. Chu*,**
**Case No. 25 Cr. 579 (PKC)**

Dear Judge Castel:

We represent Daniel Chu and write in response to the government's letter from last night regarding the evidentiary hearing on Mr. Chu's Motion to Suppress, ECF No. 186 ("Gov't Ltr."). At the conclusion of the hearing, the Court permitted the parties to file simultaneous post-hearing submissions, with simultaneous responses. The government declined to file an initial submission, but submitted a response, unilaterally converting the court-ordered simultaneous briefing schedule into one in which it had the last word. That is not in the spirit of the Court's directions. The Court should strike the government's letter or, in the alternative, permit Mr. Chu to respond. We are prepared to do so promptly, by this coming Monday, October 26.

After nearly three days of testimony and at the conclusion of the suppression hearing on October 9th, Mr. Chu requested the opportunity to marshal the facts from the hearing in a submission to the Court. The Court permitted the parties "to get me simultaneous letters on the 16th, and if you want to respond to the other side's letter, do it by the 21st[.]" Tr. 501:6–8.

Mr. Chu timely filed his submission on October 16, 2026. ECF No. 185. The government elected not to submit anything, as the Court has expressly contemplated it might given its insistence that there was no "benefit of further briefing." Tr. 501:13; *see* Tr. 504:11–17 (the Court). Yesterday, however, the government filed further briefing that primarily presents its own affirmative retelling of the evidence, cherry-picking testimony and misconstruing legal authorities in the process. That effort is understandable given the hearing's confirmation of the flaws in the government's responsiveness review, but if it wanted to affirmatively set forth its own narrative, the government should have done so last Friday and permitted Mr. Chu to respond.

In its "response," the government asks the Court to effectively disregard the evidence presented at the hearing and instead accept strained characterizations of the agents' testimony that flatly contradict the record. For example, the government insists that its ".08%" seizure rate went unchallenged and is "fatal" to Mr. Chu's motion. Gov't Ltr. at 6. The very premise of that purported seizure rate is false: the evidence in the record establishes very clearly that the actual volume of materials the government endeavored to review was far smaller than the overall data

size of devices including voluminous systems data and the like, and more to the point, no one was able to say what the actual volume of data reviewed was. Tr. 144:25–145:5, 145:21–147:9 (Kroll); Tr. 323:9–14 (O'Rourke); Tr. 430:6–24 (Rosenman). Had the government actually attempted to respond to Mr. Chu's submission, it would have wanted to address the fact that, overall, the evidence established that the government tagged and eventually produced between one-third and one-half of the documents actually released to the agents for review. Chu Ltr. at 8, 19–20; *see* 3501-034A, 3501-070. Further, contrary to the Court's indication that no further briefing on the law was desired, *see* Tr. 501:2–3, the government's letter cites to numerous legal authorities, *see* Gov't Ltr. at 3–4 & 6, and even attempts to distinguish a case that no party had previously cited, *see id.* at 6 n.3.[1]

The Court ordered simultaneous briefing with simultaneous responses. By approaching the submissions in the way it did, the government turned the schedule into one in which it gave itself the last word. Mr. Chu respectfully requests, if the government's submission is not struck entirely, an opportunity to respond as the Court originally contemplated. As noted, we can do so by Monday.

Thank you for your consideration of this request.

Respectfully,

/s/ *Matthew L. Schwartz*
Matthew L. Schwartz

---

[1] That case, *United States v. Nejad*, is relevant to the appropriate remedy, especially if the Court determines that blanket suppression is not warranted. In *Nejad*, Judge Nathan ultimately found, on a challenge to the execution of an ESI warrant, "that the responsiveness review was reasonable but agree[d] with Sadr that the D.A.'s handling of the entire set of data after April 2017 was not only problematic but unconstitutional. It concludes that the remedy for this Fourth Amendment violation is, at a minimum, suppression of the 429 pages of the 417 documents that were seized *after* the conclusion of the responsiveness review." 436 F. Supp. 3d 707, 733 (S.D.N.Y. 2020) (emphasis in original). While Mr. Chu believes that the responsiveness review here was *not* reasonable, there is no dispute that it resulted in the seizure of thousands upon thousands of irrelevant and nonresponsive documents, which should be suppressed.