BOIES SCHILLER FLEXNER

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

November 9, 2026

**BY ECF**

Honorable P. Kevin Castel
United States District Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007

**Re: *United States v. Chu*,**
**Case No. 25 Cr. 579 (PKC)**

Dear Judge Castel:

We represent Daniel Chu and write in response to the government's Proposed Examination of Prospective Jurors, ECF No. 182. The government's proposed *voir dire* takes an inappropriately one-sided view of the charges and the inquiry into potential juror bias. Mr. Chu therefore respectfully requests that his proposed questions, filed under separate cover, be read instead.

## I. The Government's Statement of the Case Presents an Unnecessarily Detailed and One-Sided Description of the Charges While Omitting Necessary Requirements

The government's summary of the charges, ECF No. 182 at 1–3, is improper in several respects. First, the unnecessarily detailed, one-sided summary of the allegations is prejudicial and confusing. In addition to superfluous factual detail, the government's description of Count One—a highly specific and legally nuanced offense—is inaccurate and incomplete. To the extent the Court is inclined to adopt a count-by-count summary, which is not necessary for *voir dire*, the description of Count One should parallel the statutory text. The other charges fare no better. The descriptions are both too detailed and also omit key elements the jury must find to convict. For Counts Two through Eight, simply matching each count to its corresponding charge is sufficient.

## II. The Government's Questions Regarding the Nature of the Case Only Attempt to Detect Government-Hostile Jurors While Ignoring Potential Bias Against Mr. Chu

The government would have the Court ask potential jurors repeatedly about whether they hold a bias against the government or law enforcement. *See id.*, Questions 31, 47, 50. The government also seeks to uncover whether potential jurors have experience in "criminal defense," including as a "public defender." *Id.*, Question 34. The government further seeks to have the Court preemptively provide jury instructions regarding cooperating witnesses and witnesses not on trial, and ask whether they would accept such evidence. *Id.*, Questions 51, 52, 53. Certainly, Mr. Chu agrees that uncovering potential juror bias against either side is essential and proposes appropriate examination on such topics, but the government's self-interested, extensive questioning is unnecessary.

BSF

Moreover, any such questioning should be balanced with questions intended to elicit potential bias against Mr. Chu. The government's only proposed examination regarding the buy-here, pay-here industry, *id.*, Questions 25 and 26, are insufficient. Questions regarding jurors' experience with used car dealerships and auto loans are the most likely to elicit responses indicating a negative predisposition toward Mr. Chu and the business he built. The buy-here, pay-here industry has been historically plagued by bad actors who took advantage of customers with poor credit and few options to secure financing. Although Tricolor consistently fought against that stereotype, jurors may be prejudiced against Mr. Chu merely by virtue of his position as a buy-here, pay-here industry leader.[1] Similarly, the jurors should be asked about their predisposition towards evidence concerning large monetary transactions, wealthy individuals, and highly compensated business executives. Mr. Chu's proposed examination asks the Court to appropriately probe these issues.

The government's proposed examination omits several other areas of potential bias against Mr. Chu worthy of inquiry. The government's proposal fails to ask jurors whether they have previously read or seen any news coverage of Tricolor's bankruptcy or Mr. Chu's indictment. The jurors should also be prohibited from looking for such news coverage should they be selected.

Several of the government's proposed questions also improperly presume the existence of fraud and thereby inappropriately connect Mr. Chu, as the only defendant in this case, to it. *See id.*, Questions 14 ("*Does the fact that the charges involve fraud* alleged to have been committed *in connection with defrauding various financial institutions* make it difficult for any of you to render a fair verdict?"), 15 ("*Do you follow news about fraud* or alleged misconduct *by individuals in the finance industry?*") (emphases added). These questions must not be used, or at least should be reworded to avoid implying that the fraud in this case has already been established and reported on.

Finally, the government seeks to ensure that jurors will be able to comply with its proposed jury instructions prohibiting the consideration of punishment or sympathy. *Id.*, Questions 58, 59, 60. These instructions must, at the very least, be balanced with questions regarding the jurors' ability to reserve judgment, presume innocence, and hold the government to its burden of proof. Mr. Chu's instructions accomplish that balancing and should therefore be adopted.

* * *

---

[1] The government proposes to ask whether the jurors have ever received a loan from a "subprime" auto lender, a term likely not to be familiar to even the very jurors who have in fact received such a loan.

BSF

Thank you for your consideration.

Respectfully,

/s/ *Matthew L. Schwartz*

Matthew L. Schwartz
Craig A. Wenner
Jacqueline C. Kelly
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 303-3646
E-mail: mlschwartz@bsfllp.com
cwenner@bsfllp.com
jkelly@bsfllp.com

Marshall Dore Louis
BOIES SCHILLER FLEXNER LLP
100 Southeast 2nd Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 357-8438
Email: mlouis@bsfllp.com

*Attorneys for Daniel Chu*